**DEREK SMITH LAW GROUP, PLLC**
Matt E.O. Finkelberg, State Bar No. 329503
633 West 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone:     (310) 602-6050
Facsimile:     (310) 602-6350
Email:           matt@dereksmithlaw.com

Attorney for Plaintiffs,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE DE LA CRUZ and MIREYA RIVAS VIRGEN on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOMETOWN BUFFET, INC.; ALAMO BUFFETS PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT PARTNERS, INC; LARRY HARRIS, individually; ALLEN JONES, individually, and JASON KEMP, individually, <br><br> Defendant. | **CLASS ACTION COMPLAINT** <br><br> Case No.  20-cv-4558 <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR:** <br><br> (1) VIOLATION OF CALIFORNIA WARN ACT    (Cal. Labor Code § 1400 Et Seq.); <br> (2) VIOLATIONS OF THE FLSA; <br> (3) FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§226.7, 512); <br> (4) FAILURE TO PROVIDE REST PERIODS (Labor Code §§226.7, 512); <br> (5) FAILURE TO PAY OVERTIME COMPENSATION (Labor Code §§510, 1194); <br> (6) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS AND KEEP ACCURATE PAYROLL RECORDS (Labor Code §§226, 226.3,1174, 1174.5, 1198); <br> (7) WAITING TIME PENALTIES (Labor Code §§201-203); <br> (8) FAILURE TO PROVIDE PAID SICK DAYS (Labor Code § 246); <br> (9) UNLAWFUL BUSINESS PRACTICES (Cal. Business & Professions Code §§ 17200, *et seq.*); <br> (10)       UNFAIR BUSINESS PRACTICES (Cal. Business & Professions Code §§ 17200, *et seq.*); and <br> (11)       CIVIL PENALTIES UNDER THE PRIVATE ATTORNEY'S GENERAL ACT (Labor Code § 2698-2699). <br><br> **DEMAND FOR JURY TRIAL** |

PLAINTIFFS Stephanie De La Cruz and Mireya Rivas Virgen allege as follows on behalf of themselves, all others similarly situated and the general public:

## **INTRODUCTION**

1.    This is an action for relief from Defendants' violations of Plaintiff's workplace rights.  Defendants blatantly violated both federal and state wage and hour laws.

2.    This case involves Defendants intentional manipulation of Plaintiffs' and class members' payrolls and wage statements so it did not reflect the correct overtime hours they worked.  Moreover, hours that Plaintiffs' worked that were overtime were paid in cash at the same rate Plaintiffs were paid for non-overtime hours.  It was Defendants' policy and practice to deprive all employees of their earned overtime wages through this cash method of payment.  Plaintiffs' supervisors reported these hours inaccurately and failed to compensate Plaintiffs in compliance with California Labor Code § 510.

3.    This case also arises out of the violation of the FLSA and numerous California Labor Code provisions, including but not limited to, Defendant's failure to provide meal periods, failure to provide rest periods, failure to pay overtime wages, failure to keep accurate payroll records, failure to provide paid sick days, and failure to pay waiting time penalties as set forth more fully herein. These violations concern not only current and past employees of Defendants, but also those affected by the massive layoff.

4.    This class action seeks to enjoin defendants' unlawful conduct, to obtain unpaid restitution of unpaid wages, and to collect all applicable statutory penalties for Defendants' myriad violations of the California Labor Code, including

recordkeeping penalties under Labor Code section 226 and waiting-time penalties under Labor Code section 203.

5.      Plaintiffs and similarly situated coworkers were not compensated for their work as Defendants failed to pay their wages and failed to pay wages earned and unpaid at the time of discharge in violations of California Labor Code sections 201, 202, 203, and 204.

6.      Defendants' acts and omissions, as described herein, violate provisions of the California Labor Code, including sections 201, 202, 203, 204, 223, 226, 226.7, 226.8, 432.5, 510, 512, 1174, 1174.5, 1182.12, 1194, 1194.2, and 1197.

7.      Additionally, Plaintiffs and other similarly situated employees of Defendants seek recovery of damages in the amount of sixty (60) days pay by reason of Defendants' violation of Plaintiffs rights under the California WARN Act, Cal. Labor Code § 1400 et seq. (the "California WARN Act"). Plaintiffs were employees of Defendants and were terminated as part of, or as a result of, mass layoffs and/or closings ordered by Defendants. Defendants violated federal law and state law by failing to give Plaintiffs and other similarly situated employees of the Defendant sixty (60) days notice as required by State and Federal law.

8.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated coworkers who were employed by Defendants in California and nationwide.

9.      Plaintiffs now bring this class action, on behalf of themselves and two classes of similarly situated coworkers to recover the unpaid wages owed to Plaintiffs and class members by Defendants, and to collect all applicable statutory penalties for Defendants' myriad violations of the FLSA and California Labor Code.

CLASS ACTION COMPLAINT

# I.     <u>JURISDICTION AND VENUE</u>

10.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq.

11.     Additionally, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, at least one member of the class of Plaintiffs is a citizen of a State different from Defendants.

12.     This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, California Wage and Hour Law, and California common law form part of the same case or controversy under Article III of the United States Constitution. Plaintiffs' state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

13.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Central District of California because as described further herein, all or a substantial part of the events or omissions giving rise to the claims herein, including all of the work Plaintiffs performed, and all of Defendants violations of Federal and State laws, occurred in Los Angeles Country, State of California and within the Judicial District for the Central District of California.  Moreover, Plaintiffs reside in this District, and Defendants operate their business and employed Plaintiffs in this District.

CLASS ACTION COMPLAINT

14. Accordingly, this action properly lies in the Central District of California pursuant to 28 U.S.C. 1391.

## THE PARTIES

15. Plaintiff Stephanie De La Cruz is a resident of Los Angeles County, California, and has been a Cashier and Shift Manager for Defendants since around July 2018. Throughout that time Plaintiff has worked out of the Hometown Buffet at 1850 Empire Ave, Burbank, CA 91504.

16. Plaintiff Mireya Rivas Virgen is a resident of Los Angeles, CA, and has been a Line Server for Defendants since April 2019. Throughout that time Plaintiff has worked out of the Hometown Buffet at 1850 Empire Ave, Burbank, CA 91504.

17. At all times material, Defendant HOMETOWN BUFFET, INC, was and is, upon information and belief, a foreign business corporation incorporated under the laws of the state of Minnesota, which does business in the state of California.

18. At all times material, Defendant ALAMO BUFFETS PAYROLL, LLC was and is, upon information and belief, a foreign business LLC incorporated under the laws of the state of Minnesota, which does business in the state of California

19. At all times material, Defendant BUFFETS, LLC, was and is, upon information and belief, a foreign business LLC incorporated under the laws of Minnesota, which does business in the state of California.

20. At all times material, Defendant VITANOVA BRANDS, was and is, upon information and belief, a foreign business, which does business in the state of California.

21. At all times material, Defendant FOOD MANAGEMENT PARTNERS, INC, was and is, upon information and belief, a foreign business corporation

incorporated under the laws of the state of Texas, which does business in the state of California.

22.     At all times material, LARRY HARRIS was and is a Co-Founder and Chairman for FOOD MANAGEMENT PARTNERS, INC.

23.     At all times material, ALLEN JONES was and is the Chief Executive Officer for FOOD MANAGEMENT PARTNERS, INC.

24.     At all times material, JASON KEMP was and is the Co-Founder and Chief Financial Officer for FOOD MANAGEMENT PARTNERS, INC.

25.     Defendant HOMETOWN BUFFET, INC; ALAMO BUFFETS PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT PARTNERS, INC; LARRY HARRIS; ALLEN JONES; and JASON KEMP (hereinafter and collectively as "Defendants") all have the same entity address and place of business address of 120 Chula Vista, Hollywood Park, TX 78232.

26.     Plaintiffs are informed and believe, and based thereon allege, that each defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

27.     At all relevant times, Defendants maintained control, oversight and direction over Plaintiff and similarly situated employees including timekeeping, payroll, and other employment practices that applied to them.

28.     Defendants applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with

CLASS ACTION COMPLAINT

respect to payment of overtime compensation, meal break and rest periods, unpaid wages, and unpaid final wages.

29.     Under California law, Defendants are jointly and severally liable as employers for the violations alleged herein because they have each exercised sufficient control over the wages, hours, working conditions, and employment status of Plaintiffs and class members.  Each Defendant had the power to hire and fire Plaintiffs and class members, supervise and control their work schedule and/or conditions of employment, determine their rate of pay, and maintain their employment records.  Defendants suffer or permit Plaintiffs and class members to work and/or "engage" Plaintiffs and class members so as to create a common law employment relationship.  As joint employers of Plaintiffs and class members, Defendants are jointly and severally liable for the unpaid wages, statutory penalties, civil penalties and all other relief available to Plaintiff and class members under the law.

30.     Plaintiffs are informed and believe, and thereon alleges, that at all relevant times, Defendants, and each of them, have acted as joint employers with respect to Plaintiffs and class members because Defendants have:

    a.  jointly exercised meaningful control over the work performed by Plaintiffs and class members;

    b.  jointly exercised meaningful control over Plaintiffs and class members' wages, hours, and working conditions, including the quantity, quality standards, speed, scheduling, and operative details of the tasks performed by Plaintiffs and class members;

c.  jointly required that Plaintiffs and class members perform work which is an integral part of Defendants' businesses; and

d.  jointly exercised control over Plaintiffs and class members as a matter of economic reality in that Plaintiffs and class members were dependent on Defendants, who shared the power to set the wages of Plaintiffs and class members and determine their working conditions, and who jointly reaped the benefits from the underpayment of their wages and noncompliance with other statutory provisions governing their employment.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

31.    Around March 21, 2020, Defendants furloughed Plaintiffs and class members due to the Covid-19 pandemic.

32.    Around March 21, 2020, Plaintiffs Stephanie De La Cruz and Mireya Rivas Virgen, and class members employed in California were effectively furloughed.

33.    Upon information and belief, on or about March 21, 2020, Defendants implemented a mass layoff when Defendants informed Plaintiffs and class members that they are no longer employed by Defendants.

## CALIFORNIA WARN ACT ALLEGATIONS

34.    Plaintiffs Stephanie De La Cruz, Mireya Rivas Virgen, and others similarly situated were employed by Defendants until their employment was ended in violation of Cal. Lab. Code § 1400, et seq., within thirty (30) days of March 21, 2020.

35.     Plaintiffs Stephanie De La Cruz, Mireya Rivas Virgen, and others similarly situated were employees of Defendants, and Defendants were their employer, as those terms are defined under Cal. Lab. Code § 1400.

36.     Defendants' operations were such that collectively it was considered a "covered establishment(s)," as that term is defined under Cal. Lab. Code § 1400, because Defendants employed seventy-five (75) or more persons in twelve (12) months preceding March 21, 2020.

37.     Plaintiffs Stephanie De La Cruz, Mireya Rivas Virgen, and others similarly situated were subjected to a "mass layoff," "relocation," or "termination," as those terms are defined under Cal. Lab. Code § 1400 within thirty (30) days of March 21, 2020.

38.     Defendants failed to provide Plaintiffs Stephanie De La Cruz, Mireya Rivas Virgen, and those similarly situated with the proper notice required by Cal. Lab. Code § 1401 prior to the mass layoff, relocation, or termination.

39.     Defendants failed to provide Plaintiffs Stephanie De La Cruz, Mireya Rivas Virgen, and others similarly situated with sixty (60) days wages and benefits as required by Cal. Lab. Code § 1402.

## **FLSA COLLECTIVE ACTION CLAIMS**

40.     There are approximately more than 40 current and former employees that are similarly situated to Plaintiffs and worked for Defendants nationwide who were denied overtime compensation.

41.     There are approximately hundreds of current and former employees that are similarly situated to Plaintiffs and worked for Defendants nationwide who were denied overtime compensation.

42.     Plaintiffs brings the Second Cause of Action, on behalf of themselves and all similarly situated persons who have worked for Defendants from May of 2017 to the present, and all similarly situated current and former employees of Defendants employed at any time from three years immediately preceding this action, and who elect to opt-in to this action.

43.     Plaintiffs represent other employees of Defendants, and is acting on behalf of the interests of those employees, as well as their own interests in bringing this action.

44.     Plaintiffs seek to proceed as a collective action with regard to the Second Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons collectively referred to as the "Nationwide Class":

    a.  All employees employed by Defendants at any time from May of 2017 or during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period"), whichever is sooner, and who worked for Defendants for more than 40 hours per week (hereinafter, the "Nationwide Class").

45.     Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs and the Nationwide Class, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek. Defendants applied the same unlawful policies and practices to all of its employees.

46.     The Nationwide Class is readily identifiable and locatable through use of the Defendants' records.  The Nationwide Class should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly

issues such a notice, the Nationwide Class, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

### GENERAL ALLEGATIONS

47.     Defendants own, run, and manage restaurant chains throughout the United States.

48.     During the Plaintiffs and class members employment, Defendants have employed hundreds of employees in restaurants and facilities located in California, including but not limited to Burbank, Los Angeles, and Santa Ana.

49.     Plaintiffs Stephanie De La Cruz and Mireya Rivas Virgen worked at Defendants' HomeTown Buffet restaurant at 1850 W Empire Ave, Burbank, CA 91504.

50.     Plaintiffs and class members were not given meal breaks or rest periods throughout their employment.

51.     Throughout Plaintiffs and class members' employment, their supervisors altered their hours and payroll to ensure that they were not receiving their overtime pay.  Instead, the hours they worked were shifted to other days, deleted, or not recorded, as they were only paid their hourly base rate in cash.

52.     Throughout Plaintiffs and class members' employment, Defendants did not allow Plaintiffs and class members to take their paid sick leave.

53.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and

CLASS ACTION COMPLAINT

wage law, employment and personnel practices, and about the requirements of
California law.

54.     Plaintiffs are informed and believe, and thereon alleges, that Defendants
knew or should have known that Plaintiffs and class members were entitled to
receive certain wages for overtime compensation and that they were not receiving
certain wages for overtime compensation.

55.     Plaintiffs are informed and believe, and thereon alleges, that Defendants
knew or should have known that Plaintiffs and class members were entitled to be
paid an overtime rate of pay based on their regular rate, which should have been
calculated based on their regular hourly pay and included all forms of remuneration
paid to Plaintiffs and class members.

56.     Plaintiffs are informed and believe, and thereon alleges, that Defendants
knew or should have known that Plaintiffs and class members were entitled to meal
periods and rest periods in accordance with the Labor Code or payment of one (1)
additional hour of pay at their regular rate when they were not provided with timely,
uninterrupted, thirty (30) minute meal periods and that Plaintiffs and class members
were not provided with all meal periods or payment of one (1) additional hour of pay
at their regular rates when they did not receive a timely, uninterrupted, thirty (30)
minute meal period.

57.     Plaintiffs are informed and believe, and thereon alleges, that Defendants
knew or should have known that Plaintiffs and class members were entitled to
receive complete and accurate wage statements in accordance with California law. In
violation of the California Labor Code, Defendants did not provide Plaintiff and
class members with complete and accurate wage statements.

58.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages upon termination of employment. In violation of the California Labor Code, Defendants did not pay Plaintiffs and class members all wages due, including, but not limited to, overtime wages, and meal and rest period premium wages, within permissible time periods.

59.     Plaintiffs are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. In violation of the California Labor Code, defendants did not pay Plaintiffs and class members all wages, including, but not limited to, overtime wages, and meal and rest period premium wages, within permissible time periods.

60.     Plaintiffs are informed and believe, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and class members that they were properly denied wages, all in order to increase Defendants' profits.

## **CLASS ACTION ALLEGATIONS**

61.     This action may be properly maintained as a class action pursuant to the provision of section 382 of the California code of Civil Procedure.

62.     Plaintiffs bring this lawsuit as a class action pursuant to Rules of Civil Procedure 23(b)(3) on behalf of themselves and all similarly situated coworkers.

63.     The California Class that Plaintiffs seek to represent is defined as:

a. All persons who worked for Defendants as a nonexempt, hourly-paid employee at any of defendants'' California facilities within four years to the filing of this complaint until the date of trial ("Class Members"), defined as follows All of Defendant's "non-exempt hourly positions including but not limited to head chefs, cooks, servers, shift leaders, managers and related positions employed by Defendants on or after four (4) years prior to the commencement of this action who were subject to a mass layoff without sixty (60) days notice, not paid the legally requisite overtime rate and/or double-time rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per work week, were not paid for all hours worked, were required to work off the clock, were denied meal and/or rest periods, thereby depriving Plaintiffs and Class Members of the requisite rest and/or meal periods altogether or in the statutorily required time frame, were denied paid sick days, were denied accurate wage statements, were denied accurate payroll records, were denied payments under Labor Code § 226.7, to whom Defendants failed to pay wages of terminated or resigned employees under Labor Code §§ 201, 202, 203, and to whom were damaged by Defendants unlawful and unfair business practices according to Cal. Business & Professions Code §§ 17200, et seq.

64.    The Nation Wide Class that Plaintiffs seek to represent is defined as:

a. All persons who worked for Defendants as a nonexempt, hourly-paid employee at any of defendants'' facilities nationwide within four years to the filing of this complaint until the date of trial ("Nationwide Class"),

defined as follows All of Defendant's "non-exempt hourly positions including but not limited to head chefs, cooks, servers, shift leaders, managers and related positions employed by Defendants on or after four (4) years prior to the commencement of this action who were not paid the legally requisite overtime rate and/or double-time rate for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per work week.

65.     The claims herein have been brought and may properly be maintained as a class action under Rules of Civil procedure 23(b)(3) because Plaintiffs can demonstrate that all of the necessary requirements of Rule 23 and section 382 of California code of Civil Procedure are met, as follows

a.     Numerosity:  The Class Members and Nationwide Class are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.  Plaintiffs are informed and believe and on such information and belief allege that Defendants have employed over one thousand employees in California and nationwide during the Class Period. The names and addresses of the Class Members and Nationwide Class are available from the Defendants. Notice can be provided to the Class Members and Nationwide Class via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.    Ascertainable: The Class Members and Nationwide Class other than Plaintiffs are readily ascertainable by their job positions and duties, and

from the books and records maintained by the Defendants in their regular course of business.

    c.   <u>Well-Defined Community of Interest</u>:  There is a well-defined community of interest amongst the Class Members and Nationwide Class, as all of these individuals have resided and worked in California and nationally, for the same Defendants, and have been similarly subjected to unlawful policies and/or practices that violated their rights under California's Labor Code and the FLSA.  Class Members and Nationwide Class, including Plaintiffs, have been similarly deprived of compensation for overtime hours worked, mandated meal and rest periods, the additional hour of compensation owing to them for missed meal and rest periods, paid sick leave, accurate and itemized wage statements reflecting all earned wages, and timely payment of all earned wages.

    d.   <u>Commonality and Predominance of Common Questions</u>:  Questions of law and fact common to Plaintiffs and the Class Members, and Plaintiffs and the Nationwide Class, predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

        i.   Whether Defendants maintained a policy and/or practice whereby Class Members and Nationwide Class overtime hours were misclassified and not paid according Labor Code section 510;

        ii.   Whether Defendants maintained a policy and/or practice of failing to provide Class Members the meal periods to which they were entitled under California law;

CLASS ACTION COMPLAINT

iii. Whether Defendants maintained a policy and/or practice of failing to allow Class Members the rest periods to which they were entitled under California law;

iv. Whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them under Labor Code section 226.7 and 512 for all shifts during which a mandated meal period was not provided;

v. Whether Defendants maintained a policy and/or practice of failing to pay Class Members the additional hour of compensation owed to them under Labor Code section 226.7 and 512 for all shifts during which they were deprived a mandated rest period;

vi. Whether Defendants maintained a policy and/or practice of failing to pay all wages owed to Class Members within the time limits prescribed by Labor Code sections 201, 202, 203 and/or 204;

vii. Whether Defendants maintained a policy and/or practice of failing to maintain and furnish accurate, itemized wage statements to Class Members;

viii. Whether Defendants maintained a policy and/or practice of failing to provide paid sick days prescribed by Labor Code section 246;

ix. Whether Defendants engaged in Unlawful Business Practices in accordance with Cal. Business & Professions Code §§ 17200, et seq.; and

CLASS ACTION COMPLAINT

x.   Whether Defendants engaged in Unfair Business Practices in accordance with Cal. Business & Professions Code §§ 17200, et seq.

e.   <u>Typicality</u>: Plaintiffs' claims are typical of the claims of both classes. Defendants' common course of unlawful conduct has caused Plaintiffs and similarly situated coworkers to sustain the same or similar injuries and damages caused by the same practices of Defendants.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of both classes.

f.   <u>Adequacy of Representation</u>: Plaintiffs are all members of the classes. Plaintiffs do not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the classes. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members and Nationwide Class.  Plaintiffs' counsel are competent in litigating employment class actions, including complex wage and hour class actions. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class, and have the financial resources necessary to do so.

CLASS ACTION COMPLAINT

g. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. While the damages suffered by individual Class Members and Nationwide Class may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most class members, individually, to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is common knowledge that employees face great risks in pursuing separate actions, including retaliation. Individual actions are expensive in terms of attorneys' fees and costs relative to Limited amounts of possible recovery. The great majority of class members are unlikely to find attorneys to represent them and they would find it difficult if not impossible to afford to pay hourly fees to attorneys for such actions. Moreover, administrative proceedings are by no means an adequate or appropriate remedy against Defendants' violations. Among other limitations in administrative proceedings, for example, there is limited discovery permitted in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees usually are not, and are not afforded counsel by the Labor Commissioner; there is limited relief available (i.e., no restitution under California Business & Professions Code §§17200 et seq.); no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there is an attorneys' fees statute

CLASS ACTION COMPLAINT

in favor of the plaintiffs; and any decision made by the Labor

Commission is subject to trial de novo in the courts, and thus would be

very wasteful of time, costs, and other resources.

## FIRST CAUSE OF ACTION
### Violation of California WARN Act
### *(Cal. Labor Code § 1400 Et Seq.)*

### AGAINST DEFENDANTS

66.    Plaintiffs and Class Members incorporate by reference and re-allege the

preceding paragraphs, inclusive, as though set forth fully herein.

67.    In the twelve (12) months preceding March 21, 2020, Defendants

operated at least one (1) site in California, in which it employed seventy-five (75) or

more persons.

68.    Defendants' actions, as described above and as they occurred at

Defendants' qualifying site in California constituted a "mass layoff," "relocation," or

"termination," without proper notice, in violations of the California WARN Act, Cal.

Lab. Code § 1400 et seq.

69.    Defendants are therefore liable to Plaintiffs and Class Members for back

pay and benefits for sixty (60) days, as outlined in Cal. Lab. Code § 1402, as well as

attorney's fees under Cal. Lab. Code § 1404.

## SECOND CAUSE OF ACTION
### FLSA—Failure to Pay Overtime

### AGAINST DEFENDANTS

70.    Plaintiffs and Nationwide Class incorporate by reference and re-allege the

preceding paragraphs, inclusive, as though set forth fully herein.

71.    Defendants violated the FLSA by failing to pay overtime to the

Nationwide Class when they worked over 40 hours in individual workweeks.

CLASS ACTION COMPLAINT

72.     Plaintiffs and Nationwide Class were not exempt from the overtime

provisions of the FLSA

73.     Plaintiffs and Nationwide Class were directed by Defendants to work, and

did work, over 40 hours in one or more individual workweeks.

74.     Defendants violated the FLSA by failing to pay overtime to Plaintiffs and

Nationwide Class at one-and-one-half times their regular rate of pay when they

worked over 40 hours in one or more individual workweeks.

75.     Defendant's violations of the FLSA were willful.

76.     As a result, Defendants are indebted to the Plaintiffs and the Nationwide

Class in the amount of the unpaid overtime compensation, together with interest,

liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**For Failure to Pay Wages for Missed Meal Periods**
**(*Cal. Lab. Code § 226.7*)**

**AGAINST DEFENDANTS**

77.     Plaintiffs and Class Members incorporate by reference and re-allege the

preceding paragraphs, inclusive, as though set forth fully herein.

78.     As alleged herein, Defendants have systematically failed and/or refused

to provide Class Members, including Plaintiffs, with an uninterrupted, off-duty meal

break of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours,

as guaranteed to them as employees under California Labor Code sections 226.7 and

512.

79.     California Labor Code section 226.7, subdivision (b), requires an

employer to pay an employee an additional hour of compensation for every shift that

a meal period required by the California Wage Orders is not provided.

80.    At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiffs, with the additional compensation for missed meal periods required by California Labor Code section 226.7.

81.    Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiffs, for their unpaid premium wages for missed meal periods, pursuant to California Labor Code section 226.7.

**FOURTH CAUSE OF ACTION**
**For Failure to Pay Wages for Missed Rest Periods**
**(Cal. Lab. Code § 226.7)**

**AGAINST DEFENDANTS**

82.    Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

83.    As alleged herein, Defendants have systematically failed and/or refused to authorize or permit Class Members, including Plaintiffs, to take an uninterrupted 10-minute rest break for every 4 hours worked or major fraction thereof, as guaranteed to them as employees under California Labor Code section 226.

84.    California Labor Code section 226.7, subdivision (b), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a rest period mandated by the California Wage Orders is not provided.

85.    At all relevant times herein, Defendants have failed and/or refused to provide Class Members, including Plaintiffs, with the additional compensation for missed rest periods required by California Labor Code section 226.7.

86.    Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiffs, for their unpaid premium wages for missed rest periods, pursuant to California Labor Code section 226.7.

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**
**Violation of California Overtime Labor Law**
(***Cal. Lab. Code §§ 510 and 1198***)

**AGAINST DEFENDANTS**

87.     Plaintiffs and Class Members incorporate by reference and re-allege the

preceding paragraphs, inclusive, as though set forth fully herein

88.     Labor Code section 1198 makes it illegal to employ an employee under

conditions of labor that are prohibited by the applicable wage order.  California

Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by

the commission shall be the . . . standard conditions of labor for employees.  The

employment of any employee . . . under conditions of labor prohibited by the order is

unlawful."

89.     California Labor Code section 1198 and the applicable IWC Wage Order

provide that it is unlawful to employ persons without compensating them at a rate of

pay either time-and-one-half or two-times that person's regular rate of pay,

depending on the number of hours worked by the person on a daily or weekly basis.

90.     Specifically, the applicable IWC Wage Order provides that Defendants

are and were required to pay Plaintiffs and Class Members working more than eight

(8) hours in a day or more than forty (40) hours in a workweek, at the rate of time

and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more

than forty (40) hours in a workweek.

91.     The applicable IWC Wage Order further provides that Defendants are and

were required to pay Plaintiffs and Class Members working more than twelve (12)

hours in a day, overtime compensation at a rate of two (2) times their regular rate of

pay, and required to pay Plaintiffs and Class Members at a rate of two (2) times their

regular rate of pay for hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of a work in a workweek.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

92.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

93.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and Class Members.  During the relevant time period, Plaintiffs and Class Members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

94.    Defendants' failure to pay Plaintiffs and Class Members the balance of overtime compensation and failure to include all applicable remuneration in calculating the regular rate for overtime pay, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Pursuant to California Labor Code section 1194, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SIXTH CAUSE OF ACTION
### For Failure to Provide, Accurate and, Itemized Wage Statements
### (*Cal. Lab. Code § 226*)

### AGAINST DEFENDANTS

95.     Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

96.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions made from wages earned by Plaintiffs and other Class Members, and to accurately report total hours worked, and wages earned, by such employees. Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiffs and other Class Members.

97.     By failing to keep adequate records, as required by Labor Code section 226, Defendants have injured Plaintiffs and other Class Members, and made it confusing and difficult to calculate the unpaid wages earned and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due to Plaintiffs and other Class Members.

98.     California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Orders.  Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.  During the relevant time period, Defendants failed, on a

company-wide basis, to keep records of meal period start and stop times for

Plaintiffs and Class Members in violation of section 1198.

99.     California Labor Code section 1174(d) provides that "[e]very person

employing labor in this state shall … [k]eep a record showing the names and

addresses of all employees employed and the ages of all minors" and "[keep, at a

central location in the state or at the plants or establishments at which employees are

employed, payroll records showing the hours worked daily by and the wages paid to,

and the number of piece-rate units earned by and any applicable piece rate paid to,

employees employed at the respective plants or establishments…"  During the

relevant time period, and in violation of Labor Code section 1174(d), Defendants

willfully failed to maintain accurate payroll records for Plaintiffs and Class Members

showing the daily hours they worked and the wages paid thereto as a result of failing

to record the off-the-clock hours that they worked.

100.    Plaintiffs seek to recover, on behalf of themselves and other Class

Members, the statutory penalties provided by Labor Code section 226(e) for the

wage statement violations committed by Defendants.

## SEVENTH CAUSE OF ACTION
### For Waiting Time Penalties
### (*Cal. Lab. Code §§ 201, 202 & 203*)

### AGAINST DEFENDANTS

101.    Plaintiffs and Class Members incorporate by reference and re-allege the

preceding paragraphs, inclusive, as though set forth fully herein.

102.    This cause of action is derivative of and wholly dependent upon the

unpaid overtime wages and unpaid meal and rest period premiums that were left

unpaid upon termination.

103.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

104.    During the relevant time period, Defendants willfully failed to pay Plaintiffs and Class Members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

105.    Defendants' failure to pay Plaintiffs and Class Members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Plaintiffs and Class Members are therefore entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### EIGHTH CAUSE OF ACTION
**For Failure to Provide Paid Sick Leave**
***(Labor Code § 246)***

### AGAINST DEFENDANTS

106.    Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

107.    Pursuant to Labor Code § 246 Defendants were required, but failed to provide Plaintiffs and Class Members who worked on or after July 15, 2015 for more than 30 days in a year with paid sick time off. Labor Code § 246(a) provides:

An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section.

108.    Pursuant to Labor Code § 248.5 Plaintiffs and Class Members are entitled to the payment of sick days unlawfully withheld, and the payment of an additional sum, not to exceed an aggregate penalty of $4,000, as liquidated damages in the amount of $50 to each employee for each day or portion thereof that the violation occurred or continued, plus, if the employee has unlawfully withheld paid sick day to an employee, the dollar amount of paid sick days withheld from the employee multiplied by three, or $250, whichever amount is greater.

### NINTH CAUSE OF ACTION
**Unlawful Business Practices**
***(California Business & Professions Code §§ 17200, et seq)***

**AGAINST DEFENDANTS**

109.    Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

110.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

111.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, Class Members, and to the general public. Plaintiffs have suffered injury in fact and have lost money as a result of Defendants'

CLASS ACTION COMPLAINT

unlawful business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

112.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

113.    A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

a.   Requiring non-exempt employees, including Plaintiffs and Class Members, to work overtime without paying them proper compensation in violation of the FLSA, and California Labor Code sections 510 and 1198 and the applicable IWC Order and paying Plaintiff and class members overtime at a lower rate than required by law by failing to properly calculate the regular rate of pay for purposes of overtime;

b.   Failing to provide uninterrupted meal and rest periods to Plaintiffs and Class Members in violation of California Labor Code sections 226.7, 512(a), 1198 and the applicable IWC Order; and

c.   Failing to provide Plaintiffs and Class Members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), 1198, and the applicable IWC Order;

CLASS ACTION COMPLAINT

d.   Failing timely to pay all earned wages to Plaintiffs and Class Members in violation of California Labor Code section 204 and the applicable IWC Order; and

e.   Failure to provide Plaintiff and Class Members who worked on or after March 21, 2017 for more than 30 days in a year with paid sick time off. Labor Code § 246(a).

114.   During the relevant time period, Defendants willfully failed to pay Plaintiffs and Class Members all wages due including, but not limited to, overtime wages, meal and rest period premium wages, and paid sick leave within the time periods specified by California Labor Code section 204

115.   Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiffs and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

**TENTH CAUSE OF ACTION**
**Unfair Business Practices**
***(California Business & Professions Code §§ 17200, et seq)***

**AGAINST DEFENDANTS**

116.   Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

117.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies and/or associations.

118.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiffs, Class Members, and to the general public.  Plaintiffs have suffered injury in fact and have lost money as a result of Defendants' unfair business practices.  Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

119.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiffs and Class Members overtime, all meal and rest period premium wages due to them under Labor Code section 226.7, paid sick leave, final wages, failed to provide accurate wage statements, and failed to keep accurate payroll records.  Defendants' moreover, deprived Plaintiffs and Class Members of the compensation guarantee and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct.  Safeway, Inc. v. Superior Court, 238 Cal. App. 4th 1138, 1149 (2015).  The statutory benefits, including but not limited to, section 226.7 were guaranteed to Plaintiffs and Class Members as part of their employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200, et seq. (Id.)

120.    A violation of California Business & Professions Code sections 17200, et seq. may be predicated on any unfair business practice.  In the instant case,

Defendants' policies and practices have violated the spirit of California's meal and rest break laws, overtime laws, paid sick leave laws, final paycheck laws, and other aforementioned labor laws, constituting acts against the public policy behind these laws.

121.    Pursuant to California Business & Professions Code sections 17200 et seq., Plaintiffs and Class Members are entitled to restitution for the class-wide loss of the statutory benefits, included but not limited to, those implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all statutory benefits, including but not limited to, those implemented by section 226.7 due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## ELEVENTH CAUSE OF ACTION
**Civil Penalties Pursuant to California Labor Code Private Attorney's General Act**
*(Cal. Labor Code § 2698-2699)*

### AGAINST DEFENDANTS

122.    Plaintiffs and Class Members incorporate by reference and re-allege the preceding paragraphs, inclusive, as though set forth fully herein.

123.    California Labor Code §§ 2698, et seq. ("PAGA") permits Plaintiffs to recover various civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5. Section 2699.5 enumerates Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802. Labor Code section 2699.3(c) permits aggrieved employees,

including Plaintiffs, to recover civil penalties for violations of Labor Code sections 1182.12.

124.    Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees have discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

125.    Plaintiffs, and all non-exempt employees of Defendant's are "aggrieved employees" as defined by Labor Code §2699 in that they are all current or former employees of Defendant's and one (1) or more of the alleged violations was committed against them.

126.    Prior to filing this Complaint, Plaintiffs filed a claim with the Labor and Workforce Development Agency stating the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code §2699.3. See Attached as Exhibit "A," a true and correct copy of Plaintiff Stephanie De La Cruz's letter dated May 21, 2020, and Exhibit "B," a true and correct copy of Plaintiff Mireya Rivas Virgen's letter dated May 21, 2020.

127.    Pursuant to Labor Code §2699.3, notwithstanding any other provision of law, Plaintiffs may as a matter of right amend the existing complaint to add a cause of action under Labor Code §2699 at any time within sixty (60) days of notification by the Labor and Workforce Development Agency that it did not intend to investigate the alleged violations contained in Plaintiff's Labor Code §2699 notice.

128.    Plaintiffs have not received notice from the Labor and Workforce Development Agency ("LWDA") however, Plaintiffs reserves their right to amend

CLASS ACTION COMPLAINT

this complaint as a matter of right to add a cause of action for violation of Labor

Code §2699 once Plaintiffs receive notice from the LWDA that it does not intend to

investigate the alleged violations contained in Plaintiff's Labor Code §2699.

129.    Pursuant to Labor Code §2699 Plaintiffs, individually and on behalf of all

aggrieved employees, request and are entitled to recover from Defendant; unpaid

wages, overtime compensation, rest and meal period compensation and penalties,

waiting period wages and penalties according to proof, penalties for failure to keep

accurate payroll records, interest, attorney's fees and costs pursuant to Labor Code

§§218.5 and 1194(a), and Labor Code § 1174, as well as all statutory penalties and

attorneys fees against Defendants.

130.    Defendants' conduct, as alleged herein, violates the applicable IWC

Wage Order and numerous sections of the California Labor Code, including but not

limited to Violations of Labor Code sections 201, 202, 203, 204, 226, 226.3, 226.7,

246, 510, 512, 1174, 1174.5, 1182.11, 1182.12, 1194, 1194.2, 1197, and 1198, as set

forth above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all members of the proposed

class, pray for relief against Defendants, jointly and severally, as follows:

1.   For damages, unpaid wages, penalties, injunctive relief, and attorneys'

fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and

costs.  Plaintiffs reserve the right to amend their prayer for relief to seek a different

amount.

2.   For leave to amend this complaint to add additional state law claims,

should it be necessary;

CLASS ACTION COMPLAINT

### Class Certification

3.   That this case be certified as a class action;

4.   That Plaintiffs be appointed as the representative of the Member Class and Nationwide Class;

5.   That counsel for Plaintiff be appointed as class counsel;

### As to the First Cause of Action

6.   The Defendants are found to have violated the provisions of the California WARN Act as to Plaintiff and the Class Members; and

7.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

8.   For an order certifying that the Second Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Nationwide Class, apprising them of the pendency of this action, and permitting them to their FLSA claims;

9.   Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA;

10. That the Court declare, adjudge, and degree that Defendants have violated the FLSA;

11. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

12. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

13. For an order awarding Plaintiffs and the Nationwide Class compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiffs and Nationwide Class, together with interest on these amounts, according to proof;

14. For an order awarding Plaintiffs and Nationwide Class civil penalties pursuant to the FLSA; and

15. For an award of reasonable attorneys' fees as provided by the FLSA.

**As to the Third Cause of Action**

16. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a) and 1198 and applicable IWC Wage Order(s) by willfully failing to provide all meal periods to Plaintiffs and Class members;

17. That the Court make an award to the Plaintiffs and Class Members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18. For all actual, consequential, and incidental losses and damages, according to proof;

19. For premiums pursuant to California Labor Code section 226.7(b);

20. For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due; and

21. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

22. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 1198 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and Class Members;

23. That the Court make an award to the Plaintiffs and Class Members of one (l) hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided;

24. For all actual, consequential, and incidental losses and damages, according to proof;

25. For premiums pursuant to California Labor Code section 226.7(b);

26. For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due; and

27. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

28.  That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and Class Members;

29. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

30. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

CLASS ACTION COMPLAINT

31. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

32. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

33. That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and Class Members, and willfully failed to provide accurate itemized wage statements thereto;

34. For all actual, consequential and incidental losses and damages, according to proof;

35. For injunctive relief pursuant to California Labor Code section 226(h);

36. For statutory penalties pursuant to California Labor Code section 226(e); and

37. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Seventh Cause of Action

38. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum wages, unpaid sick leave, and meal and rest period premiums owed at the time of termination of the employment of Plaintiffs and other terminated Class Members;

39. For all actual, consequential and incidental losses and damages, according to proof;

CLASS ACTION COMPLAINT

40. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all employees who have left Defendants' employ;

41. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

42. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

43. That the Court declare, adjudge and decree that Defendants violated California Labor Code  section 246 by willfully failing to provide paid sick leave to Plaintiffs and Class Members;

44. For all damages and penalties pursuant to Labor Code § 248.5 including but not limited to the payment of sick days unlawfully withheld, and any liquidated damages;

45. For pre-judgment interest on any unpaid sick leave;

46. For all actual, consequential and incidental losses and damages, according to proof; and

47. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Ninth Cause of Action

48. That the Court declare, adjudge and decree that Defendants conduct of failing to provide Plaintiffs and Class Members all overtime wages due to them, failing to provide Plaintiffs and Class Members paid sick leave due to them, failing to provide Plaintiffs and Class Members all meal and rest periods, failing timely to pay all earned wages during employment, and failing to reimburse for business-

CLASS ACTION COMPLAINT

related expenses constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq*;

49. For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

50. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

51. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

52. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

53. That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and Class Members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54. For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiffs and Class Members and prejudgment interest from the day such amounts were due and payable;

55. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 et seq.;

CLASS ACTION COMPLAINT

56. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

57. For such other and further relief as the Court may deem equitable and appropriate.

58. For pre-judgment and post-judgment interest as provided by law; and

59. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Eleventh Cause of Action

60. PAGA penalties for failure to pay Plaintiffs and Class Members all compensation due every pay period, provide meal periods, provide rest periods, issue accurate wage statements and payroll records, pay all wages due upon termination of employment, and provide paid sick time off.

61. For such other and further relief as the Court may deem equitable and appropriate.

Dated: May 21, 2020                    Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By:    /s/ *Matt Finkelberg*
Matt E.O. Finkelberg, Esq.
Attorney for Plaintiffs

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves, and all Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: May 21, 2020                    Respectfully submitted,

                                       **DEREK SMITH LAW GROUP, PLLC**


                              By:    /s/ *Matt Finkelberg*
                                     Matt E.O. Finkelberg, Esq.
                                     Attorney for Plaintiffs

CLASS ACTION COMPLAINT

# EXHIBIT A



May 21, 2020

**VIA ELECTRONIC FILING**
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator

Re:    **Stephanie De La Cruz v. HOMETOWN BUFFET,INC.; ALAMO BUFFETS PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT PARTNERS, INC; LARRY HARRIS, individually; ALLEN JONES, individually, and JASON KEMP, individually**

**NOTICE OF LABOR CODE VIOLATIONS
PURSUANT TO LABOR CODE SECTION § 2699 et. seq.**

To: California Labor and Workforce Development Agency

From: Stephanie De La Cruz, on behalf of herself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

**Factual Statement**

Please note that this firm, Derek Smith Law Group, PLLC, represents the interests of Stephanie De La Cruz and all other aggrieved employees who intend to file a complaint alleging various Labor Code violations.

**Theories of Labor Code Violations and Remedies**

Stephane De La Cruz ("Plaintiff") alleges that HOMETOWN BUFFET,INC.; ALAMO BUFFETS PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT PARTNERS, INC; LARRY HARRIS, individually; ALLEN JONES, individually, and JASON KEMP, individually,  (collectively as "Defendants") violated various sections of the Labor Code, including §§203, 226, 226(a), (e) 1194, and 1197 by failing to provide Plaintiff and all other aggrieved employees all wages for all hours worked.

Plaintiff as well as her co-workers were regularly not compensated overtime for all hours worked which is in violation of Labor Code §§ 510, 1194, 1197 and is actionable under Labor Code §2699.5.

Los Angeles Office:  633 West 5th Street, Suite 3250, Los Angeles, CA 90071 | (310) 602-6050
New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Ave., Suite 1310, Miami, FL 33131
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

Plaintiff will also allege that Defendants regularly required Plaintiff and her co-workers to work before and beyond their recorded time ("off the clock") to complete their job duties and tasks. Consequently, Defendants regularly and knowingly failed to compensate Plaintiff and her co-workers for all hours worked.

Plaintiff will further allege that Defendants violated Labor Code § 1198, by employing Plaintiff and all other aggrieved employees for longer than the hours set by the IWC Wage Orders. Plaintiff will also allege that Defendants violated Labor Code §§201 and 202, et seq., due to its uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. Defendants additionally failed to provide final paychecks timely, entitling Plaintiff and all other aggrieved employees to waiting time penalties.

Plaintiff will further allege in her complaint that her and her co-workers were regularly interrupted during and/or forced to forego their meal and rest periods. Defendants failed to provide compliant meal and rest periods and/or payments for said missed meal/rest periods. Further, the complaint will allege that Defendants' pay stubs are not compliant with Labor Code §226 and is therefore actionable under Labor Code §2699.5

Plaintiff will allege that as a result of Defendants' violations of Labor Code §226.7, Plaintiff as well as all other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

While employed with Defendants, Defendants failed to keep accurate payroll records, wherein Plaintiff and her co-workers were denied all wages owed and also entitling them to penalties, all pursuant to Labor Code §§226(a), (e) and 1174, and are actionable under Labor Code §2699.5.

Accordingly, Plaintiff will allege in her complaint that Defendants violated Labor Code §204, since Plaintiff and her co-workers did not receive all their wages in a timely fashion as a result of Defendants' policies.

Plaintiff is bringing this lawsuit on behalf of herself and a putative class of employees, as well as all other aggrieved employees who were employed by Defendants.

Please advise if the LWDA has any objection to my client including PAGA claims in her complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Sincerely yours,

DEREK SMITH LAW GROUP, PLLC

*/s/Matt Finkelberg*

Matt E.O. Finkelberg, Esq.

**EXHIBIT B**



May 21, 2020

<u>VIA ELECTRONIC FILING</u>
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator

Re:    <u>**Mireya Rivas Virgen v. HOMETOWN BUFFET, INC.; ALAMO BUFFETS
PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT
PARTNERS, INC; LARRY HARRIS, individually; ALLEN JONES, individually, and
JASON KEMP, individually**</u>

**NOTICE OF LABOR CODE VIOLATIONS
PURSUANT TO LABOR CODE SECTION § 2699 et. seq.**

To: California Labor and Workforce Development Agency

From: Mireya Rivas Virgen, on behalf of herself and aggrieved employees who were subject to the employer's wage and hour policies as set forth below.

**Factual Statement**

Please note that this firm, Derek Smith Law Group, PLLC, represents the interests of Mireya Rivas Virgen and all other aggrieved employees who intend to file a complaint alleging various Labor Code violations.

**Theories of Labor Code Violations and Remedies**

Mireya Rivas Virgen ("Plaintiff") alleges that HOMETOWN BUFFET,INC.; ALAMO BUFFETS PAYROLL, LLC; BUFFETS, LLC; VITANOVA BRANDS; FOOD MANAGEMENT PARTNERS, INC; LARRY HARRIS, individually; ALLEN JONES, individually, and JASON KEMP, individually,  (collectively as "Defendants") violated various sections of the Labor Code, including §§203, 226, 226(a), (e) 1194, and 1197 by failing to provide Plaintiff and all other aggrieved employees all wages for all hours worked.

Plaintiff as well as her co-workers were regularly not compensated overtime for all hours worked which is in violation of Labor Code §§ 510, 1194, 1197 and is actionable under Labor Code §2699.5.

Los Angeles Office:  633 West 5th Street, Suite 3250, Los Angeles, CA 90071 | (310) 602-6050
New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 701 Brickell Ave., Suite 1310, Miami, FL 33131
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

Plaintiff will also allege that Defendants regularly required Plaintiff and her co-workers to work before and beyond their recorded time ("off the clock") to complete their job duties and tasks. Consequently, Defendants regularly and knowingly failed to compensate Plaintiff and her co-workers for all hours worked.

Plaintiff will further allege that Defendants violated Labor Code § 1198, by employing Plaintiff and all other aggrieved employees for longer than the hours set by the IWC Wage Orders. Plaintiff will also allege that Defendants violated Labor Code §§201 and 202, et seq., due to its uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees.  Defendants additionally failed to provide final paychecks timely, entitling Plaintiff and all other aggrieved employees to waiting time penalties.

Plaintiff will further allege in her complaint that her and her co-workers were regularly interrupted during and/or forced to forego their meal and rest periods. Defendants failed to provide compliant meal and rest periods and/or payments for said missed meal/rest periods. Defendants additionally failed to provide paid sick days to Plaintiff and all other aggrieved employees.  Further, the complaint will allege that Defendants' pay stubs are not compliant with Labor Code §226 and is therefore actionable under Labor Code §2699.5

Plaintiff will allege that as a result of Defendants' violations of Labor Code §226.7, Plaintiff as well as all other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

While employed with Defendants, Defendants failed to keep accurate payroll records, wherein Plaintiff and her co-workers were denied all wages owed and also entitling them to penalties, all pursuant to Labor Code §§226(a), (e) and 1174, and are actionable under Labor Code §2699.5.

Accordingly, Plaintiff will allege in her complaint that Defendants violated Labor Code §204, since Plaintiff and her co-workers did not receive all their wages in a timely fashion as a result of Defendants' policies.

Plaintiff is bringing this lawsuit on behalf of herself and a putative class of employees, as well as all other aggrieved employees who were employed by Defendants.

Please advise if the LWDA has any objection to my client including PAGA claims in her complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Sincerely yours,

DEREK SMITH LAW GROUP, PLLC

*/s/Matt Finkelberg*

Matt E.O. Finkelberg, Esq.

2